IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL EUGENE PATTON                                                                PLAINTIFF

v.                                         CIVIL NO. 22-2017

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Michael Eugene Patton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on August 24, 2018, alleging an inability to work since June 2, 2018, due to a congestive heart condition and a stroke. (Tr. 57, 148). An administrative telephonic hearing was held on January 21, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33-55).

By written decision dated March 8, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: migraine headaches, residuals from a stroke, arthritis, and a trauma-related disorder. However, after reviewing all of

1

the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P[erform light work as defined in 20 CFR 404.1567(b) except he can frequently climb, balance, crawl, kneel, stoop, and crouch. He can frequently reach overhead bilaterally. He is limited to simple, routine, repetitive tasks. He can occasionally interact with coworkers and the public.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a collator operator, a power screwdriver operator and a routing clerk. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 30, 2021. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 3). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply

because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir.

1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.15920.

**III.   Discussion:**

After reviewing the record, the Court is troubled by the ALJ's failure to address Plaintiff's fibromyalgia. In the present case, the ALJ found Plaintiff's severe impairments consisted of the following: migraine headaches, residuals from a stroke, arthritis, and a trauma-related disorder. (Tr. 13). The ALJ also discussed impairments alleged and found to be non-severe which included obesity and hypertension. *Id*. There is no mention of Plaintiff's fibromyalgia in the ALJ's hearing decision.

"Fibromyalgia is an elusive diagnosis, its cause or causes are unknown, there's no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." *Tilley v. Astrue*, 580 F.3d 675, 681 (8th Cir. 2009) (internal citations omitted). Social Security Ruling, SSR 12-2p provides guidance on how to review a claim involving fibromyalgia, which includes taking into account the fact that that pain symptoms and fatigue can come and go and may even be absent, and the importance of taking a longitudinal view of the record. See SSR 12-2p, 2021 WL 3104869 (July 25, 2012).

Medical records reveal that Plaintiff was seen by Dr. Charles R. Mills, a rheumatologist, on May 24, 2019. (Tr. 747-751). Dr. Mills noted Plaintiff complained of hurting all over, to include soft tissue as well as joint pain. Treatment notes indicated Plaintiff's lab work was essentially normal and x-rays of the thoracic and lumbar spine showed mild degenerative changes. Upon examination of Plaintiff, Dr. Mills observed diffuse tenderness to palpation at the trigger points. Dr. Mills opined that the findings were consistent with symptomatic fibromyalgia syndrome and prescribed medication. While there are few treatment notes from Dr. Mills in the record, Plaintiff's

treating neurologist, Dr. William A. Knubley, noted on August 27, 2020, and December 16, 2020, that Plaintiff was taking a prescribed medication – gabapentin – for his fibromyalgia. (Tr. 1002-1005, 1036-1040). At the administrative hearing held before the ALJ on January 21, 2021, Plaintiff testified that fibromyalgia caused him to hurt all over and to feel fatigued all of the time. (Tr. 45). Despite this evidence, the ALJ's hearing decision includes no reference of fibromyalgia. Specifically, the ALJ did not address if Plaintiff's fibromyalgia is a severe impairment and did not discuss Plaintiff's fibromyalgia in reviewing Plaintiff's medical records or when determining Plaintiff's capabilities. The ALJ's failure to address Plaintiff's fibromyalgia and alleged symptoms leaves the Court unable to determine whether substantial evidence supports the ALJ's decision. *Haynes v. Saul*, No. 1:19-CV-146-SPM, 2020 WL 5569984, at *4 (E.D. Mo. Sept. 17, 2020). Accordingly, the Court finds remand necessary to allow the ALJ to further develop the record regarding Plaintiff's fibromyalgia.

On remand, the ALJ is also directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

### IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and**

**recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE